Alicia Marie Richards, Appellant in Pro Se, Kevin E. Robinson, Counsel for Appalee, Ryle W. Richards. Good morning. Ms. Richards, do you want to reserve some time for rebuttal? Yes, I would like to reserve whatever remaining time I have left, not to be limited to two minutes. Okay. All right. I understand. So go ahead, please. Okay. So good afternoon. As you know, my name is Alicia Richards, and I'm the appellant in this appeal. I appealed the Bankruptcy Courts Order, Sue Spondy remanding the Family Law Court case back to the Family Law Court. The reason I appealed the Bankruptcy Courts Order was because the issues that are involved here are not bankruptcy Family Law Court issues. We're dealing with one or two contract disputes, and until those contract disputes get resolved, nothing can proceed, because they're all intertwined together with the bankruptcy court, with the sale of the house, with the homestead, with every single thing involved in the bankruptcy proceedings involves the contracts, the two different contracts, the one that was actually signed and the one that was filed without notice and is unsigned. The modification motion brought by appellee that he keeps mentioning of ongoing proceedings in the Family Law Court can't be decided without the property division being decided, and I did cite that case in my brief, Marriage of Varner, 80 Cal Reporter 2D 628 1998, which specifically talks about jurisdiction, whether the Family Law Court can proceed in a modification hearing if a property dispute is pending. It can't, because how can it modify support if it doesn't know who gets what or what goes where? And therefore, the Family Law Court can't proceed anyway with the modification hearing, no matter what,  When I removed the case, all I wanted to have decided was the due process claim that's intertwined with the contract dispute and to have a declaratory judgment decided to determine the rights under the signed contract of June 16, 2017, which would resolve everything. I did move to strike portions of appellee's opening brief because it wasn't supported by the record, and he refused to provide me a copy of the records that he cited so I could look up his arguments. I was able to obtain a copy of my opening brief, and in my opening brief, I specifically cited the two arguments for his remand, and he only argued two things. He argued that Judge Smith specifically decided that she didn't want to decide the homestead issue, and she remanded the homestead issue back to the Family Law Court. It originated in the Bankruptcy Court, and I removed the homestead issue back to the Bankruptcy Court, and that the Family Law Court or that appellee filed a motion to lift the automatic stay. Those were the only two issues he brought. However, Judge Smith, when she lifted the automatic stay, it was a limited lift of the stay. She lifted it only if it didn't decide any property division that would affect the sale of the house. Now, the two contract disputes will affect the sale of the house and the distribution of the sale of the house. I wanted to point you to this one case that I didn't cite in my brief, and it's regarding appellee who, you know, I worked very, very hard on my opening brief. I spent a lot of time on it, and appellee didn't cite to anything in the record in his reply brief, and this specific case talks about attorneys that file briefs and don't cite to the record, and it's called Morrissey v. Stuttville 349 F3D 1187-1190. It's a Ninth Circuit case, 2003, and this is what they say. Such a deficient brief, particularly when submitted by a licensed attorney, demonstrates a lack of respect for the judicial process and carelessness or indifference toward the preparation of this appeal. And the reason I bring this up is because he knew of my hardships, and he didn't cite anything in the brief, and then when I requested that he forward me the parts that he did cite, he just completely ignored me. So I do have that motion to strike pending that I haven't heard about. Let's see. The bankruptcy court's findings, the issues involved, the factors that it went through, I really went in-depth in my brief, so I'm not going to go over the factors again, but I just wanted to state that the entire bankruptcy proceedings have been centered around these two contracts. And therefore, because they've been centered around these two contracts, it would make it a core proceeding, even though the judge, Judge Clarkson, stated that they were non-core issues. I believe that they are core issues. And if they are not core issues, then the bankruptcy court lacked authority to issue a final order under Bankruptcy Rule 9027E instead of submitting his findings and conclusions of law to the district court so that I could object. And all of this would have been resolved had he just allowed a hearing to have gone forth to allow me to explain my removal, that it wasn't to stop anything or delay anything. It was to get these contracts that nobody seems to want to get resolved. I mean, there was a case I had read a long time ago where this one party, they started in the municipal court, and the municipal court said, oh, we don't have jurisdiction to decide this dispute, so we're going to send it over to the superior court. And then the superior court says, oh, no, we don't have jurisdiction. So this case is going back and forth to the municipal court, to the superior court, and nobody wants to decide the issue. And then finally, the appellate court had to order the court to decide the issue, to resolve the issue, so the parties could move on with their lives. And that's what's going on here. Nobody seems to want to resolve these issues, although they keep proceeding in the bankruptcy court, enforcing one of the contracts that are not signed instead of the actual contract that is signed. With that, I'm going to reserve the remaining of my minutes. Thank you. Thank you very much. Mr. Robinson, go ahead, please. Good afternoon, Justices. Thank you for allowing me to appear. I have the privilege of representing Raul Richards, the ex-spouse of Alicia Richards. Basically, I will not belabor much. My brief hits the main points. This remand motion, which was first assigned to Judge Smith and then went to Judge Clarkson, was decided. There was no abuse of discretion by Judge Clarkson. He went carefully through all 14 factors under Dean v. Dean, and he found that they all weighed heavily in granting the remand. The, so to speak, most important thing about Ms. Richards' continued argument is that she calls this a contract when, in fact, they were stipulations for judgment entered by the Orange County Superior Court Family Law Division for a dissolution of judgment. They were not contracts by two independent parties outside about the buy and sell of a business or a home or anything of that nature. The other, quote, unsigned contract is not a contract. It's an actual judgment of divorce. The parties got divorced, and that judgment was entered based on those stipulations. So her, quote, removal, which, by the way, was a fifth or sixth time she had tried to remove all of the state court family law matters to a federal court. First time to Judge Jane Selna in the U.S. District Court in Santa Ana. They were promptly remanded back. This last one was to the bankruptcy court because she had filed a Chapter 7 bankruptcy in order to stave off the sale and eviction of her from that house that was later sold. So her declaratory judgment is really asking a bankruptcy court to interpret, enforce, and decide what a state court judgment of dissolution says, means, and should be interpreted as. And under the federal law, comedy of state court decisions, orders, and judgments, that is very, very rarely done. And Judge Clarkson made a notation of that. Specifically, this motion for the division of the homestead proceeds was specifically sent over to the state court because of Ms. Richards' objections to it with Judge Smith. And she decided that it was best handled by the state court because it was so intertwined with the state court judgment. Finally, I would just say that as far as the record on appeal, everything cited in there was based on the appellant's own record. And we did respond to her appropriately and told her that you have the record. It's all your record we're citing because it was the underlying bankruptcy court documents that we were citing to. And with that, unless the appellate panel has any questions, I'm done with my argument. Any questions? I don't have any, thank you. Okay, thank you. Back to you, Ms. Richards, for I think about six minutes. Okay, I'm just going to address, I think, three things that he brought up. Actually, I already brought them up in my brief regarding the removals, which were each completely different. And the bankruptcy court's jurisdiction interpreting what Mr. Robinson is calling the stipulated judgment, stipulation for judgment. The stipulation for judgment that we entered into on June 16, 2017 is a judgment of dissolution. And it was supposed to be entered as a final judgment signed by both of the parties. And Mr. Robinson was supposed to give it to me first to go over it. And he didn't. And it changed the division of property. It changed the, it added clauses that weren't agreed to. And the bankruptcy court is enforcing that judgment that is called the stipulated judgment, but only one party has stipulated to it. As far as Judge Smith, I had, what happened was she ordered half of the homestead to me. And then the other half, the trustee filed a motion. And I objected and filed my own motion. And Judge Smith, because there was a controversy over the homestead, because Mr. Richards hadn't lived in the property for four years, and the actual stipulation for judgment, which actually is a contract. And I don't have the case with me, but in determining a stipulated judgment, it's decided just like contract law. So Mr. Robinson would be wrong in that respect. The entire bankruptcy proceedings is totally intertwined with the judgment that's not signed. And it is completely ignoring the rights of my contract that was signed and the benefits that I was supposed to get that I'm being deprived of. And under Bradley v. Superior Court, they say that the court can't do that. And this contract needs to be decided by the federal court. And that's why Judge Clarkson erroneously remanded the case back. And I'm hoping that this court will see the truth and reverse the remand order back for further proceedings so we can have these things decided and all move on with our life. And I really appreciate your time. Thank you so very much. Thank you. The matter is submitted, and we will be dealing with the motion to strike in our final decision, which will be forthcoming in due course. Thank you very much. We can move to the next case, Madam Clerk.
judges: Faris, Spraker, and Gan